UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
DALLAS DIVISION

DE'MARCUS DORSEY,

   Plaintiff,

v.

TURTLE CREEK ASSETS, LTD. and
HARTFORD CASUALTY INSURANCE
COMPANY,

   Defendant.

Civil Action No: 4:20-cv-271-RWS-CAN

### DEFENDANT TURTLE CREEK ASSETS, LTD'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendant Turtle Creek Assets, Ltd. ("Defendant") and files its Answer as follows:

### INTRODUCTION

1. Defendant admits that Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Texas Finance Code, § 392.001, *et seq* (the "TFC"). Defendant denies that it committed any violation thereof.

### JURISDICTION AND VENUE

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 2; therefore, Defendant denies the same.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 3; therefore, Defendant denies the same.

4. Defendant admits that its principle place of business is in Texas. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 4; therefore, Defendant denies the same.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 5; therefore, Defendant denies the same.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 6; therefore, Defendant denies the same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 7; therefore, Defendant denies the same.

## PARTIES

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 8; therefore, Defendant denies the same.

9. Defendant admits Paragraph 9.

10. Defendant admits Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 11; therefore, Defendant denies the same.

12. Defendant admits it has a bond with Hartford. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 12; therefore, Defendant denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 13; therefore, Defendant denies the same.

## FACTUAL ALLEGATIONS

14. Defendant admits Plaintiff incurred a financial obligation with Aaron's, Inc. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 14; therefore, Defendant denies the same.

15. Defendant admits Paragraph 15.

16. Defendant admits Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 17; therefore, Defendant denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 18; therefore, Defendant denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 19; therefore, Defendant denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 20; therefore, Defendant denies the same.

21. Defendant admits that as a business entity it can only act through its employees, however only when they act within their scope of authority. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 21; therefore, Defendant denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 22; therefore, Defendant denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 23; therefore, Defendant denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 24; therefore, Defendant denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 25; therefore, Defendant denies the same.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 26; therefore, Defendant denies the same.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 27; therefore, Defendant denies the same.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 28; therefore, Defendant denies the same.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 29; therefore, Defendant denies the same.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 30; therefore, Defendant denies the same.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 31; therefore, Defendant denies the same.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 32; therefore, Defendant denies the same.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 33; therefore, Defendant denies the same.  Further, Defendant denies that it engages in *any* conduct "in order to trick, deceive and manipulate" consumers.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 34; therefore, Defendant denies the same.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 35; therefore, Defendant denies the same.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 36; therefore, Defendant denies the same.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 37; therefore, Defendant denies the same.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 38; therefore, Defendant denies the same.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 39; therefore, Defendant denies the same.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 40; therefore, Defendant denies the same.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 41; therefore, Defendant denies the same.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 42; therefore, Defendant denies the same.

43. Defendant denies that it has taken any action or omission in violation of the FDCPA or the TFC, willfully or otherwise.

## CLASS ACTION ALLEGATIONS

44. Defendant admits that Plaintiff brings this Complaint on behalf of the purported Class described in Paragraph 44 and its sub-parts.  Defendant denies that certification is proper.

45. Defendant admits that Plaintiff describes the Class as set forth in Paragraph 45.

46. Defendant denies Paragraph 46.

47. Defendant denies Paragraph 47.

48. Defendant denies Paragraph 48.

49. Defendant denies Paragraph 49.

50. Defendant denies Paragraph 50 and each of its sub-parts.

## RESPONDEAT SUPERIOR

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 51; therefore, Defendant denies the same.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 52; therefore, Defendant denies the same.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 53; therefore, Defendant denies the same.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 54; therefore, Defendant denies the same.

## COUNT I: ALLEGED VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY TURTLE CREEK ASSETS LTD

55. Defendant incorporates by reference all preceding paragraphs as though set forth fully herein.

56. Defendant denies Paragraph 56.

57. Defendant admits Plaintiff seeks damages. Defendant denies Plaintiff is entitled to any relief.

### COUNT II: ALLEGED VIOLATIONS OF THE TEXAS FINANCE CODE BY TURTLE CREEK ASSETS LTD

58. Defendant incorporates by reference all preceding paragraphs as though set forth fully herein.

59. Defendant denies Paragraph 59.

60. Defendant admits Plaintiff seeks damages. Defendant denies Plaintiff is entitled to any relief.

61. Defendant admits Plaintiff seeks an injunction. Defendant denies Plaintiff is entitled to any relief.

### COUNT III: ALLEGED IMPUTED LIABILITY OF HARTFORD CASUALTY INSURANCE COMPANY FOR LIABILITY OF TURTLE CREEK ASSETS, LTD.

62. Defendant incorporates by reference all preceding paragraphs as though set forth fully herein.

63. Defendant denies Paragraph 63.

64. Defendant admits Plaintiff seeks damages. Defendant denies Plaintiff is entitled to any relief.

### DEMAND FOR RELIEF AND FOR JURY TRIAL

65. Defendant admits that Plaintiff demands a trial by jury.

66. Defendant denies Plaintiff is entitled to his demand for relief and each of its sub-parts.

67. Defendant denies Plaintiff is entitled to his demand for relief and each of its sub-parts.

### AFFIRMATIVE DEFENSES

68. If any violation, if it occurred, it was neither willful, nor intentional.

69. If any violation occurred, it was due to a bona fide error.

70. Plaintiff's damages, if any, are the result of the actions of third parties over whom Defendant has no control.

71. Plaintiff's damages, if any, were pre-existing damages not caused by Defendant.

72. Plaintiff has failed to mitigate damages, if any.

73. Plaintiff proximately caused his own damages, if any.

74. Plaintiff's claims, in whole or in part, are barred by the statute of limitations.

75. Plaintiff's claims may be subject to an arbitration agreement.

Dated: May 8, 2020.

**MALONE FROST MARTIN PLLC**

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
JACOB M. BACH
State Bar No. 24100919
Email: jbach@mamlaw.com
**MALONE FROST MARTIN PLLC**
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
P: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR DEFENDANT TURTLE CREEK ASSETS, LTD.***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via CM/ECF on this 8th day of May 2020 to:

Jeffrey D. Wood
The Wood Firm, PLLC
11610 Pleasant Ridge Rd.
Suite 103, Box 208
Little Rock, AR 72223
jeff@jeffwoodlaw.com

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV